United States District Court

For The Eastern District Of Louisiana

No. 92-CR-469-2

92-469 D(6)

| | | |
|---|---|---|
| **United States of America,** | ) | |
| Plaintiff, | ) | Motion for reduction of sentence based on |
| | ) | Guideline Amendment 505. Concerning Base |
| V. | ) | Offense Levels |
| | ) | |
| **Danielle Bernard Metz,** | ) | |
| Defendant | ) | |

U. S. DISTRICT COURT
Eastern District of Louisiana

FILED   APR 21 2008

LORETTA G. WHYTE
Clerk

**NOW COMES** the Defendant, Danielle Bernard Metz, Pro se, and respectfully moves this Honorable Court, pursuant to 18 U.S.C. § 1B1.10 of the Sentencing Guidelines, to reduce her sentence based upon Guideline Amendment 505 to which became effective November 1, 1995, concerning Base Offense Levels.

In support thereof, Defendant states as follows:

1. On Dec 8, 1993, the Defendant was sentenced to a term of imprisonment of **life**, by this Honorable Court for Possession with Intent to Distribute Cocaine Hydrochloride, in violation of 21 U.S.C. (a)(1).

2. Applying the applicable provisions of the guidelines as it existed on the date of the Defendant's sentencing, the Probation Department calculated the Defendant's Base Offense Level at Base Offense Level of (42).

3. Effective November 1, 1995, Section 2D.1 of the Sentencing Guidelines was amended by making the maximum Base Offense Level for drug trafficking offenses Level (38).

4. When the Defendant's Base Offense Level is recalculated in accordance with the language of the amendment, the Defendant's Base Offense Level would be Level (38).

5. The Defendant's Criminal History category as calculated by the Probation Office was Level (1).

6. The U.S.S.G. [a]dvisory range for Base Offense Level (38), Criminal History Category (1) is 235 to 298 months.

7. The Defendant is aware that all other guideline ranges and sentences for additional counts of convictions are to remain the same and Amendment 505 has no affect on them:
    a. Count 3: Continuing Criminal Enterprise(Defendant received an life sentence)
    b. Count 6: Money Laundering(Defendant received an 240 month sentence)

**TENDERED FOR FILING**

APR 21 2008

U.S. DISTRICT COURT
Eastern District of Louisiana
Deputy Clerk

___ Fee_____
___ Process_____
X   Dktd_____
X   CtRmDep____
    Doc No.____

## Argument

When reconsidering the Defendants sentence she asks that the court take the following into consideration.

### The Ninth Circuits holding in Hicks

    a. In the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 1B1.10 upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553 (a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

    b. When the district court reconsiders her sentence pursuant to §3582 (c)(2) a proceeding that occurred only because the Sentencing Commission lowered the applicable sentencing the district should have discretion to impose a non-Guidelines sentence.

    c. In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under §3582 (c)(2), the court should consider the term of imprisonment that it would have imposed had the amendment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentenced.

The Defendant was sentenced pre-Booker at which time the U.S.S.G. was applied in a mandatory fashion.

### The United States Supreme Courts holding in Booker

    a. Any fact, other than a prior conviction, which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt.

    b. The sentencing ranges provided by the guidelines are to be advisory only.

Therefore, the Defendant is entitled to be resentenced under the retroactively applied amendment.

WHERFORE, based on the foregoing arguments and authorities, this Honorable Court is respectfully urged to reduce the Defendant's sentence and enter a new Judgment in a Criminal Case reflecting said change in the Defendant's sentence, and any other and further relief which this Honorable Court deems just and fair.

Respectfully submitted this, _April 17_ day of _April_, 2008.

Defendant: _[signature] 24803-013_

# Profile

## Age

- 40

## Place of incarceration

- Federal Correctional Institution Dublin

## Charges

- Continue Criminal Enterprise(Received the mandatory minimum of life)
- Conspiracy to Distribute Cocaine(Received life)(Sentenced Vacated)
- Possession of Cocaine(Received life)
- Money Laundering(Received 20 years)

## Time Served

- 180 Months

## Criminal History

- First time offender

## District Sentenced in

- The Eastern District of Louisiana

## Children

- Son, 22
- Daughter, 18

## Court Proceeding

- Direct Appeal, Sentence affirmed
- 2255, sentence affirmed in part and vacated in part
- Clemency petition, denied


